HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HUI SON LYE and DAVID LYE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LACEY, et al.<br><br>Defendants. | CASE NO. 3:11-cv-05983-RBL<br><br>ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND PLAINTIFFS' MOTION TO AMEND |

THIS MATTER is before the court on the following Motions: The Corporation of Catholic Archbishop of Seattle, and Farrell and "John Doe" Gilson's (together the "Church Defendants") Motion to Dismiss and for Judgment on the Pleadings [Dkt. #13], and Plaintiffs' Motion to Amend their Complaint [Dkt. #22], which was filed in part to address the deficiencies claimed in the Motion to Dismiss.

For the reasons below, Defendants' Motion to Dismiss is GRANTED, and Plaintiffs' Motion to Amend is GRANTED in part and DENIED in part.

**I. BACKGROUND**

Plaintiffs Hui Son Lye and David Lye are (or were formerly) members of Sacred Heart Parish, a Catholic Church in Lacey, WA, with a significant percentage of Korean members.

According to Plaintiffs, the Archbishop of the Seattle Archdiocese, Alex Burnett, ordered in 2007 that Mass at Sacred Heart be given in Korean. Father Im (apparently a Korean-speaking priest) did this for some period of time, but then, for reasons which are not clear and probably not important, he stopped. Plaintiff Hui Son Lye, a Korean, concedes that she was upset by this and that, beginning in 2009, she sought to "inform the Archbishop" that his order was being ignored. She also began "voicing her concern to church leaders and elected leaders of the Sacred Heart Korean Community" and "advocating for the Archbishop to restore Korean Mass at Sacred Heart." [Pl.'s Proposed Amended Complaint, Dkt. #22 at 2-3].

Plaintiff Hui Son Lye alleges that Sacred Heart's Pastoral Coordinator, Defendant Ferrell Gilson, saw Lye's advocacy as a threat to Gilson's authority in the parish, and therefore "sought retribution against [Plaintiff]." Lye contends that she was removed from altar service in July 2009, and that Gilson had her expelled as a member in August of that year. When Lye continued her advocacy for a Korean mass, Gilson became infuriated and would no longer allow Lye's daughters to perform altar service or attend youth group. The Church received an anonymous letter that was critical of Gilson, and Lye contends that Gilson convinced the Church that she wrote it—a claim she vehemently denies. The Archbishop warned her to cease her advocacy and threatened canonical penalties.

Ultimately, the Archbishop and the Archdiocese's general counsel formally told Lye not to attend Mass as Sacred Heart. On December 22, 2009, the general counsel informed Lye in writing that she was free to attend Mass at any other Parish, but that she was no longer welcome at Sacred Heart. According to the letter, this exclusion was based on her "threatening and harassing actions against parish personnel." [Dkt. #22 at 4]. Nevertheless, Lye affirmatively alleges that she did not understand why the Church was excluding her, and so she elected to

attend Mass at Sacred Heart on Christmas, just three days later.  She claims she did not cause any disruption, and that, other than the written warning not to enter the premises, nobody asked her to leave.  The following day, Lacey Police officer Dave Miller (a parishioner) assisted Gilson in filing a "trespass warning," and he then personally served it on Lye.

On March 21, 2010, despite the letters and the trespass warning Lye concedes was served on her, she again attended Mass at Sacred Heart.  After the service, Lye was arrested for trespass.  She alleges that the Lacey Police Officers used excessive force in doing so and that they did not have probable cause to arrest her because she had not criminally trespassed and there was no anti-harassment or "no contact" Order against her.  She claims that the Father Bede (who is not a defendant) announced at the next week's Mass that "the person who was arrested suffers from mental illness."  The trespass charge against Lye was ultimately dismissed.

Lye alleges that she sued the Church and Gilson in the spring of 2011 over these incidents, and that, in anticipation that this would lead to some sort of reconciliation, she dismissed the case without prejudice and again began attending Mass.  Instead of reconciling, the Church again told her to stop attending Mass at Sacred Heart or she would be arrested for trespass.  Lye's Counsel responded by telling the Church that the December 2009 trespass warning had expired and that Lye was going to attend Mass.  Counsel apparently told the Church that if it could obtain a "no contact" Order, it should do so, but that he did not believe it was entitled to one, and that therefore it could not preclude Lye from attending public Mass.

In response, the Church issued another formal trespass warning, and two Lacey officers served it on Lye.  On July 1, 2011, in the face of these warnings, Lye again attended Mass at Sacred Heart, and she was again arrested for trespass.

1       Lye and her husband sued, alleging claims for violation of her Constitutional rights to
free speech and free exercise of religion, false arrest, false imprisonment, civil conspiracy,
outrage, defamation and battery.

      The Church Defendants seek Judgment on the Pleadings under Fed. R. Civ. P. 12(c), arguing primarily that all of Plaintiffs' claims against it arise out of an internal church dispute and are barred by the First Amendment and the Church Autonomy Doctrine.[1] They argue that this court does not have jurisdiction to hear such disputes, and that the Plaintiffs have failed to state a claim upon which relief can be granted. [Dkt. #13]. Plaintiffs argue in response that the dispute is secular, not internal, and that the First Amendment does not preclude the Court from hearing tort claims. They emphasize that the Complaint alleges facts sufficient to state claims for relief under *Iqbal's* plausibility standard, and if not, the Court should grant leave to amend. While Defendants' Motion was pending, Plaintiffs filed a Motion for Leave to Amend [Dkt. 21, 22], seeking to add parties and address deficiencies in their complaint.

## II. DISCUSSION

      A Rule 12(c) motion is evaluated under the same standard as a motion under Rule 12(b)(6). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1] Because Plaintiffs' claims are insufficient as a matter of law, the Court does not address the church autonomy issue.

misconduct alleged." *Id.* Although the Court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper [Rule 12(b)(6)] motion. *Vasquez v. L. A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 662, 678 (citing *Twombly*).

**A. Church Defendants' Motion to Dismiss**

   1. <u>Constitutional Claims</u>

      A plaintiff cannot assert a 42 U.S.C. § 1983 claim against any defendant who is not a state actor. *See West v. Atkins*, 487 U.S. 42, 48 (1988). This determination is made using a two-part test: (1) "the deprivation must . . . be caused by the exercise of some right or a privilege created by the government or a rule of conduct imposed by the government;" and (2) "the party charged with the deprivation must be a person who may fairly be said to be a *governmental actor*." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (emphasis added).

      Because the Church Defendants are not state actors, they cannot, as a matter of law, infringe upon Lye's First Amendment rights. Lye alleges that the Church Defendants acted in "conspiratorial concert" with the City of Lacy, and that the City "agreed to assist Ferrell Gilson and the Archdiocese of Seattle in taking retribution against" Lye. Pls.' Clomp. ¶¶ 17, 7, respectively. These conclusory allegations of joint action between the Church Defendants and

the City of Lacy offer few insights into the specific nature of the alleged conspired actions, and certainly do not transform the Church Defendants into state actors. *See McHugh v. City of Tacoma*, C10-5450BHS, 2011 WL 2457917 (W.D. Wash. June 16, 2011) (citing *Benavidez v. Gunnell,* 722 F.2d 615, 618 (10th Cir.1983) (holding that the mere furnishing of information to police officers does not constitute joint action under color of state law, and does not render a private citizen liable under § 1983). Lye has not, and cannot, show that the Church Defendants were participants in any joint activity (much less any unlawful activity) with the police or with any other state actor.

Plaintiffs' First Amendment claims are fatally flawed. The Church Defendants' Motion with respect to the above claim is GRANTED, and Plaintiffs' constitutional claims against the Church Defendants are DISMISSED WITH PREJUDICE.

2. Conspiracy

Lye also brings a conspiracy claim against the Church Defendants. The Church Defendants argue that Lye pled no facts supporting a valid conspiracy claim, and is insufficient as a matter of law.

To establish a prima facie case for conspiracy, a plaintiff must show: (1) two or more people combined to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the conspiracy. *Woody v. Stapp*, 146 Wash. App. 16, 22 (2008). The only plausible agreement between the Church Defendants and the City was to remove Plaintiff Lye from the Church Defendants' private property for trespassing. Lye argues that the trespass warning was unwarranted because she did not, on any occasion, cause a disturbance while attending Sacred Heart. She essentially argues that since the trespass warning was unwarranted, the City and the Church Defendants made an agreement to accomplish an unlawful purpose.

In Washington, criminal trespass is defined as "knowingly enter[ing] or remain[ing] unlawfully in or upon premises of another." Wash. Rev. Code § 9A.52.080. A person enters or remains unlawfully in or upon premises when "he is not then licensed, invited or otherwise privileged to so enter or remain." Wash. Rev. Code § 9A.52.010. A private property owner may revoke an individual's privilege to be on its property, even if the property is otherwise open to the public. *State v. Bellerouche*, 129 Wash. App. 912, 915–16 (2005). Thus, it is unlawful to enter or remain on private property where the private property owner has revoked the privilege to be there.

It is undisputed that Sacred Heart Church is private property. The Church Defendants revoked Lye's privilege to attend Sacred Heart, rendering it unlawful for Lye to be on Church property. Despite Lacy police issuing Lye a trespass warning, she entered Sacred Heart's premises anyway. Lye does not allege facts showing that there was an agreement between the City and the Church Defendants to accomplish any purpose other than to remove a trespasser from private property. That purpose was lawful, and was furthered by lawful means. Lye again makes conclusory allegations that City of Lacy issued trespass warnings as part of conspiracy with the Church Defendants to prevent her from exercising her First Amendment rights. Lye's allegations do not alter the conclusion that she has not and cannot plead elements of a conspiracy claim.

The Church Defendants' Motion with respect to the above claim is therefore GRANTED, and Plaintiffs' conspiracy claim against the Church Defendants is DISMISSED WITH PREJUDICE.

ORDER ON DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS AND
PLAINTIFFS' MOTION TO AMEND - 7

3. Outrage

Lye asserts that the Church Defendants' conduct was outrageous, and as a result, she has suffered severe emotional distress. The Church Defendants argue that Lye has not pled facts sufficient to support an outrage claim.

The elements of the tort of outrage are (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) the plaintiff actually suffers severe emotional distress. *Kloepfel v. Bokor*, 149 Wash.2d 192, 195 (2003). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Saldivar v. Momah*, 145 Wash. App. 365, 389 (2008).

The Church Defendants' conduct was not outrageous. Asking the police to remove an unwanted individual from your private property for trespassing is not "atrocious, and utterly intolerable in a civilized community." *Saldivar*, 145 Wash. App. at 389. Lye has not pled facts establishing any of the elements of an outrage claim.

The Church Defendants' Motion with respect to Plaintiffs' outrage claim is therefore GRANTED, and Plaintiffs' outrage claim against the Church Defendants is DISMISSED WITH PREJUDICE.

4. Defamation

Lye also alleges that the Church Defendants defamed her. She claims that she suffered damages because of Father Bede's alleged announcement to the congregation that she suffered from a mental illness. The Church Defendants argue primarily that even if Father Bede made the alleged statement, it was an opinion protected by the First Amendment and not actionable.

A defamation action consists of four elements: (1) a false statement; (2) lack of privilege; (3) fault; and (4) damages. *Duc Tan v. Le*, 161 Wash. App. 340, 352 *review granted,* 172 Wash.

2d 1010 (2011). Lye also must prove that the alleged defamatory statement was "made of and concerning" her. *Sims v. Kiro, Inc.*, 20 Wash. App. 229, 233 (1978). Plaintiffs' complaint "must consist of specific, material facts, rather than conclusory statements, that would allow a jury to find that each element of defamation exists." *Paterson v. Little, Brown & Co.*, 502 F. Supp. 2d 1124, 1132 (W.D. Wash. 2007) (citing *LaMon v. Butler*, 112 Wash.2d 193, 197, 770 P.2d 1027 (1989)).

Plaintiffs' defamation claim against the Church Defendants is insufficient as a matter of law. The individual who allegedly made the defamatory statement (Father Bede) is not a named party in this suit. Plaintiffs neither argue nor cite any authority for the proposition that the Church Defendants are, or could be, vicariously liable for an alleged defamatory statement. Plaintiffs' defamation claim fails on this deficiency alone. The Church Defendants Motion is therefore GRANTED, and Plaintiffs' defamation claim against the Church Defendants is DISMISSED WITH PREJUDICE.

5. <u>Intentional Tort Claims</u>

Lye also brings claims against the Church Defendants for battery, false arrest, and false imprisonment. The Church Defendants argue that these claims are insufficient because the Complaint does not contain facts alleging that the Church Defendants actually battered, arrested, or imprisoned Lye. They assert that Plaintiffs allege only that individual police officers committed the above torts.

The crux of Lye's intentional tort claims hinges on the fallacy that the Church Defendants are jointly liable for the actions of the officers. Plaintiffs fail to establish that the Church Defendants were acting under color of state law or in conspiracy with the City. In addition, Plaintiffs cite no authority suggesting that a third party could be vicariously liable for intentional torts of police officers.

The Church Defendants Motion with respect to the claims above is therefore GRANTED, and Plaintiffs' intentional tort claims against the Church Defendants are DISMISSED WITH PREJUDICE.

**B. Plaintiffs' motion to amend**

Plaintiffs seek to add individual officers as defendants [Dkt. 21, 22]. Plaintiffs' proposed amended complaint [Dkt. 21] also rewrites a substantial portion of their factual allegations. The Church Defendants oppose Plaintiffs' Motion, arguing that Plaintiffs have not stated an adequate basis for going beyond their sole request to add new defendants to their complaint [Dkt. 23].

Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). Moreover, this policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).

The party opposing amendment bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). The Church Defendants have not argued that they would suffer any prejudice because of Plaintiffs' proposed amendments. Plaintiffs seek to add the individual officers who took part in the arrests of Plaintiff Lye. In addition, the proposed amended complaint attempts to clarify factual allegations in support of Plaintiffs claims, stating no new claims against the Church Defendants. The proposed amendments, therefore, are not prejudicial.

The Church Defendants next argue that Plaintiffs already have filed three different complaints, and allowing a fourth would be improper because Plaintiffs have repeatedly failed to cure the deficiencies in their complaint. Plaintiffs contend that they filed their original complaint in state court and amended it as a matter of course before Defendants filed an answer. Plaintiffs then voluntarily dismissed that action without prejudice. After abandoning the first suit, Plaintiffs initiated this action in state court, and the Church Defendants removed. Plaintiffs argue that neither this Court nor any other court has found Plaintiffs' complaint deficient, and there is no reason to deny leave to amend.

District courts have broad discretion to deny leave to amend where a plaintiff previously has amended the complaint. *World Wide Rush, LLC v. City of Los Angeles*, 606 F.3d 676, 690 (9th Cir. 2010). Since this is Plaintiffs' first request for leave to amend in federal court, the Court will not deny leave solely on the basis that Plaintiffs have repeatedly failed to cure deficiencies in their complaint.

Finally, the Church Defendants assert that even if Plaintiffs' were allowed to amend their complaint, they would not be able to cure the deficiencies in their claims, and thus the amendments would be futile. Plaintiffs maintain that they have pled facts sufficient to support all of their claims against the Church Defendants.

Although leave to amend shall be freely given when justice so requires, a court may deny leave if the amended complaint would be futile. *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). A proposed "[a]mendment is futile if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

Plaintiffs' proposed amendments suffer from the same deficiencies described above. The only claim that has a possibility of success—albeit a slim one—is Plaintiffs' defamation claim. However, Plaintiffs do not seek to add as a party the individual who allegedly made the defamatory statement, and thus they cannot maintain a defamation claim against the Church Defendants. In short, Plaintiffs' claims against the Church Defendants are futile because there exists "no set of facts" that Plaintiffs could prove that would cure their fatally flawed claims.

For these reasons, Plaintiffs' Motion is GRANTED in part and DENIED in part, allowing Plaintiffs only to add additional parties.

Dated this 29th day of June, 2012.

Ronald B. Leighton
United States District Judge

ORDER ON DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS AND
PLAINTIFFS' MOTION TO AMEND - 12